| | |
|---|---|
| DISTRICT COURT, COUNTY OF JEFFERSON, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80419 | DATE FILED: January 24, 2023 2:46 PM<br>FILING ID: C83EB0427F903<br>CASE NUMBER: 2023CV30087 |
| **Plaintiffs:**<br><br>   CHRISTAN THOMAS and<br>   BURTRAIL C. BANKS<br><br>v.<br><br>**Defendant:**<br><br>   DG RETAIL, LLC, a Foreign Limited Liability Company d/b/a DOLLAR GENERAL STORES | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, CO  80222<br>Phone: (303) 753-0037<br>Fax: (303) 753-4599<br>geoff@gsgcolorado.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

   Plaintiffs Christan Thomas and Burtrail C. Banks, by and through their undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C., and for their Complaint against Defendant DG Retail, LLC, a Limited Liability Company d/b/a Dollar General Stores, state and allege as follows:

## VENUE

1. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court, Jefferson County, Colorado, because the injury occurred in Arvada, Jefferson County, Colorado.

**EXHIBIT A**

## PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff Christan Thomas is the mother of Plaintiff Burtrail C. Banks and resides at 550 Alton Way, Apt. 3122 in Denver, Colorado 80230.

3. Plaintiff Burtrail C. Banks is the son of Plaintiff Christan Thomas and resides at 550 Alton Way, Apt. 3122 in Denver, Colorado 80230.

4. Defendant DB Retail, LLC is a foreign limited liability company d/b/a Dollar General Stores and does business in the State of Colorado.

5. Defendant's registered agent is the Corporation Service Company located at 1900 W. Littleton Boulevard in Littleton, Arapahoe County, Colorado 80120.

6. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the amount required for the district court limitation pursuant to the Colorado Revised Statutes.

## FACTUAL STATEMENT

7. Plaintiffs hereby affirm, allege, and incorporate the allegations contained in the above paragraphs as though set forth fully herein.

8. On or about January 26, 2021, Plaintiffs were business "invitees" of the Dollar General Store located at 5300 Sheridan Boulevard in Arvada, Colorado 80002.

9. Plaintiff Thomas is disabled and was wheelchair bound. She and her son, Burtrail Banks were in the store near the store registers to make a purchase.

10. As they were heading to the register, Plaintiff Thomas turned and saw a male with a gun. The gunman was Johnny Ray McCaslin.

11. Plaintiff's Thomas and Banks both suffered multiple gunshot wounds.

12. Plaintiff Banks had gunshot wounds to the right lateral chest and left lower quadrant of the abdomen.

13. Plaintiff Thomas was shot in the right dorsal aspect of her right foot, lower right leg, lower left leg, in her right buttock (which still has bullet fragments), right hip, right external thigh, right inguinal crease, left hip, wound just distal to right knee, and right anterior tibia.

14. After she was shot, Plaintiff Thomas was still holding her cell phone as she fell to the store floor and was able to dial 9-1-1, reporting that the Dollar General store was being robbed and she and her son had been shot.

15. The Dollar General store did not have a security guard at the store on duty at the time of the shooting.

16. Plaintiffs were severely injured in the robbery, including gunshot wounds and other injuries.

**FIRST CLAIM FOR RELIEF**
*Premises Liability Against Defendant - C.R.S. 13-21-115*

17. Plaintiffs hereby affirm, allege, and incorporate each and every allegation cited above, as though fully set forth herein.

18. At the time of Plaintiffs' incident, Defendant was a "landowner" within the meaning of C.R.S. § 13-21-115(1).

19. At the time of the incident, Plaintiffs were "invitees" of Defendant, which on information and belief, had common-law and contractual duties to Plaintiffs, either directly or indirectly, as a third-party beneficiary between Defendant to allow Plaintiffs to enter the store and transact through a safe and non-hazardous premises.

20. It was Defendant's express representation that the public, including Plaintiffs, was requested, expected, or intended to enter or remain in the subject Dollar General store.

21. Defendant knew or should have known that a risk to store patrons existed.

22. Defendant failed to use reasonable care to protect Plaintiffs against the dangerous and unsafe condition which existed in the store, failed to take appropriate abatement measures to protect invitees who came into its store and this failure was the cause of Plaintiffs' injuries, damages, or losses.

23. At the time of the subject incident, Defendant, as a statutory "landowner," was legally responsible for the safety of the store premises, as well as for the activities conducted or circumstances existing in the store premises within the meaning of C.R.S. § 13-21-115(1), and Plaintiffs were "invitees" of Defendant as they were persons who entered or remained in the subject store, within the meaning of C.R.S. § 13-21-115(c).

24. Defendant is liable to Plaintiffs for injuries, damages, and losses sustained by them and caused by Defendant for its unreasonable failure to exercise reasonable care to protect against the dangerous and unsafe condition which was known or should have been known to exist on the premises, pursuant to C.R.S. § 13-21-115(3).

25. Defendant's failures include the following:

    a. Insufficient security to provide a safe place for its customers to shop.

    b. Failure to adequately evaluate the potential for danger to customers at this and other Dollar General stores.

    c. Failure to provide sufficient security, i.e. an armed guard, because of the recent shootings in the vicinity.

26. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, Plaintiffs were both shot as described above, suffering extreme pain and suffering, emotional distress as a result of the subject incident, permanent impairment, and other injuries which will be more particularly described at trial.

27. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiffs' injuries as described above, is liable for its actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering, emotional distress as a result of the subject incident and permanent impairment, all in amounts to be proven at trial.

28. Due to the injuries sustained in the subject incident, Plaintiffs have treated with medical providers and have complied with medical treatment.

29. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiffs have suffered loss of enjoyment of life and impairment of the quality of life.

30. Plaintiffs, at all times relevant hereto, were not liable for comparative or contributory negligence and they have reasonably mitigated their damages.

31. As a direct and proximate result of the negligent acts of Defendant herein, Plaintiffs have suffered various injuries, damages, and losses including:

    a. Economic damages, past and future, including but not limited to, medical expenses, household expenses, and other expenses;

    b. Non-economic damages, including but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and permanent impairment.

WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (In the Alternative, if Defendant is Not a "Landowner" Under C.R.S. § 13-21-115 Then Negligence as a Matter of Fact)

32. Plaintiffs hereby affirm, allege, and incorporate the allegations contained in the above paragraphs as though set forth fully herein.

33. Defendant has a duty to operate its business in a reasonably safe manner in view of the foreseeability, if any, of injury to others.

34. Defendant knows or has reason to know that criminal acts on the part of unknown third persons are occurring or are about to occur and such acts pose imminent probability of harm to invitee.

35. The criminal act of a third party that causes injuries to the plaintiffs is reasonably and generally foreseeable by the defendant.

36. Defendant owed and breached its duty to Plaintiffs to act as a reasonable person on notice that such criminal acts on the part of unknown third persons are occurring or are about to occur and such acts pose imminent probability of harm to invitee.

37. Defendant had a legal duty and breached its duty to take reasonable measures to protect its patrons from the foreseeable criminal acts on the part of unknown third persons and to alleviate known dangerous conditions

38. As a direct and proximate result or substantial factor of Defendant's acts and omissions to act in accordance with Colorado Safety Standards, with Plaintiffs being in the class of individuals to be protected by the standards in effect at the time of the building of the premises, Plaintiffs suffered personal injuries, which caused physical, mental, and emotional pain and suffering.

39. Defendant had duties to comply with the above-referenced applicable standards of care and given their conduct as described above.  Defendant breached or failed to meet the applicable standards of care and its actions and inactions are the direct and proximate cause or substantial factor therefore in causing the injuries and damages to Plaintiffs, as more fully set forth in the First Claim for Relief above.

40. As a result of Defendant's and/or its employees' breach of the duties to Plaintiffs, and as a result of the incident, Plaintiffs have suffered severe injuries, damages and losses.

41. By failing to act as a reasonable person and/or entity under the same or similar circumstances, and by failing to maintain their premises, Defendant was negligent.

42. Defendant is directly or imputably liable to Plaintiffs for its negligence and premises liability negligence, as described in the First Claim of Relief above.

43. Plaintiffs' injuries and damages were not the kind which ordinarily would occur in the absence of negligence and premises liability negligence.

44. Given the evidence to be demonstrated before this Court, there are no other responsible causes for Plaintiffs' injuries and damages, including the conduct of Plaintiffs.

45. The indicated premises liability negligence and/or negligence are within the scope of Defendant's duties to Plaintiffs, as described above. Therefore, Defendant directly and proximately, or as a substantial factor thereof, caused Plaintiffs' damages, as more fully set forth in the First Claim for Relief above.

46. Plaintiffs, at all times relevant hereto, were not liable for comparative-contributory negligence and they have reasonably mitigated their damages

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendant as follows:

a. Compensation for economic losses, both past and future;

b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

c. Compensation for other expenses sustained or incurred;

d. Attorneys' fees as provided by law;

e. Pre- and post-judgment interest as provided by law;

f. Costs, including expert witness fees, as provided by law; and

g. Such further relief as the Court deems just and proper.

DATED:  January 19, 2023.

        **GEOFFREY S. GULINSON & ASSOCIATES, P.C.**

        *A duly signed original on file at the office of*
        *Geoffrey S. Gulinson and Associates, P.C.*

        *s/   Geoffrey S. Gulinson*
        Geoffrey S. Gulinson, #19351
        Attorneys for Plaintiff

Plaintiffs' Address:
550 Alton Way, Apt. 3122
Denver, CO 80230